**THE MCDANIEL LAW FIRM, P.C.**
54 Main Street
Hackensack, New Jersey 07601
201-845-3232
201-845-3777 (Facsimile)
*Attorneys for Defendant, Onyx Enterprises Int'l. Corp., et al.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, ET AL., <br><br>        Plaintiffs, <br><br>   v. <br><br> ONYX ENTERPRISES INTERNATIONAL CORP., ET AL., <br><br>        Defendants. | **ANSWER** <br><br> Docket No.:  3:10-cv-04016-MLC-DEA |

**DEFENDANTS ONYX ENTERPRISES INTERNATIONAL CORP.'S,
ROMAN GERASHENKO'S, AND STANISLAV ("STEVEN") ROYZENSHTEYN'S
ANSWER TO PLAINTIFFS BMW OF NORTH AMERICA, LLC'S
<u>AND BAYERISCHE MOTEREN WERKE AG'S COMPLAINT</u>**

Defendants Onyx Enterprises International Corp., Roman Gerashenko, and Steven Royzenshteyn ("Defendants") respond to the Complaint filed by Plaintiffs BMW of North America, LLC and Bayerische Moteren Werke AG ("Plaintiffs").

<u>Nature of the Action</u>

1. Defendants deny paragraph 1.

2. Defendants deny they have committed acts of infringement.  Defendants admit they operate the website at www.carid.com.  Defendants deny the remainder of paragraph 2.

## Parties

3.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations as set forth in paragraph 3 of the Complaint and therefore deny the same.

4.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations as set forth in paragraph 4 of the Complaint and therefore deny the same.

5.  Defendants admit Onyx Enterprises International Corp. is a New Jersey corporation with its principal place of business at Eight-A Corporate Center, 1 Corporate Drive, Cranbury, New Jersey 08512.  Defendants further admit they operate the website at www.carid.com. Defendants deny the remainder of paragraph 5.

6.  Defendants admit Roman Gerashenko is a co-owner of Onyx Enterprises International Corp. and resides at 39 Dalton Avenue, Staten Island, New York 10306 and deny the remainder of paragraph 6.

7.  Defendants admit Steven Royzenshteyn is a co-owner of Onyx Enterprises International Corp. and resides at 42 Westport Lane, Staten Island, New York 10314 and deny the remainder of paragraph 7.

## Jurisdiction and Venue

8.  Defendants deny operation of www.formulabmwusa.com and admit the remainder of paragraph 8.

9.  Defendants consent to jurisdiction in this Court.

10. Defendants concede venue is proper in this Court.

## BMW's Trademarks

11. Defendants admit Plaintiffs are in the business of designing, manufacturing, distributing, and servicing motor vehicles.  Defendants are without sufficient knowledge or information to

form a belief as to the truth of the allegations set forth in paragraph 11 and therefore deny the same.

12. Defendants are without sufficient knowledge or information as to form a belief as to the truth of the allegations set forth in paragraph 12 and therefore deny the same.

13. Defendants are without sufficient knowledge or information as to form a belief as to the truth of the allegations set forth in paragraph 13 and therefore deny the same.

14. Defendants are without sufficient knowledge or information as to form a belief as to the truth of the allegations set forth in paragraph 14 and therefore deny the same.

15. Defendants are without sufficient knowledge or information as to form a belief as to the truth of the allegations set forth in paragraph 15 and therefore deny the same.

16. Defendants are without sufficient knowledge or information as to form a belief as to the truth of the allegations set forth in paragraph 16 and therefore deny the same.

17. Defendants deny paragraph 17.

18. Defendants admit on information and belief there is a nationwide network of BMW dealers and service providers.  Defendants are without sufficient knowledge or information as to form a belief as to the truth of the remainder of the allegations set forth in paragraph 18 and therefore deny the same.

19. Defendants deny paragraph 19.

20. Defendants admit on information and belief Plaintiffs operate a website or websites discussing their products.  Defendants are without sufficient knowledge or information as to form a belief as to the truth of the remainder of the allegations set forth in paragraph 20 and therefore deny the same.

21. Defendants are without sufficient knowledge or information as to form a belief as to the truth of the remainder of the allegations set forth in paragraph 21 and therefore deny the same.

22. Defendants are without sufficient knowledge or information as to form a belief as to the truth of the remainder of the allegations set forth in paragraph 22 and therefore deny the same.

23. Defendants deny paragraph 23.

## BMW's Formulabmwusa.com Website

24. Defendants are without sufficient knowledge or information as to form a belief as to the truth of the remainder of the allegations set forth in paragraph 24 and therefore deny the same.

25. Defendants admit there is a website at www.formulabmwusa.com that discusses the BMW Formula One race car team. Defendants are without sufficient knowledge or information as to form a belief as to the truth of the remainder of the allegations set forth in paragraph 25 and therefore deny the same.

26. Defendants admit there is a BMW logo displayed on the website at www.formulabmwusa.com. Defendants are without sufficient knowledge or information as to form a belief as to the truth of the remainder of the allegations set forth in paragraph 26 and therefore deny the same.

27. Defendants are without sufficient knowledge or information as to form a belief as to the truth of the allegations set forth in paragraph 27.

## Defendants' Purportedly Wrongful Activities

28. Defendants deny paragraph 28.

29. Defendants deny paragraph 29.

30. Defendants deny paragraph 30.

31. Defendants are without sufficient knowledge of information as to form a belief as to the truth of the allegations set forth in paragraph 31.

32. Defendants are without sufficient knowledge of information as to form a belief as to the truth of the allegations set forth in paragraph 32.

33. Defendants deny paragraph 33.

34. Defendants deny paragraph 34.

35. Defendants deny paragraph 35.

36. Defendants deny paragraph 36.

37. Defendants admit paragraph 37.

38. Defendants admit paragraph 38.

39. Defendants deny paragraph 39.

40. Defendants deny paragraph 40.

41. Defendants deny paragraph 41.

## Purported Count 1 for Federal Trademark
## Infringement and Counterfeiting (Lanham Act § 1114(1))

42. Defendants incorporate their responses to the allegations contained in paragraphs above as though fully set forth here.

43. Defendants deny paragraph 43.

44. Defendants deny paragraph 44.

45. Defendants deny paragraph 45.

46. Defendants deny paragraph 46.

47. Defendants deny paragraph 47.

## Purported Count 2 for Federal Unfair Competition and
## False Designation of Origin (Lanham Act § 43(a), 15 U.S.C. § 1125

48. Defendants incorporate their responses to the allegations contained in paragraphs above as though fully set forth here.

49. Defendants deny paragraph 49.

50. Defendants deny paragraph 50.

51. Defendants deny paragraph 51.

52. Defendants deny paragraph 52.

53. Defendants deny paragraph 53.

54. Defendants deny paragraph 54.

**Purported Count 3 for Violation of the Anticybersquatting
Consumer Protection Act (Lanham Act § 43(d), 15 U.S.C. § 1125(d))**

55. Defendants incorporate their responses to the allegations contained in paragraphs above as though fully set forth here.

56. Defendants deny paragraph 56.

57. Defendants deny paragraph 57.

58. Defendants deny paragraph 58.

59. Defendants deny paragraph 59.

60. Defendants deny paragraph 60.

**Purported Count 4 for Unfair Competition
(New Jersey Unfair Competition Act, N.J.S.A. 56:4-1 *et seq*.)**

61. Defendants incorporate their responses to the allegations contained in paragraphs above as though fully set forth here.

62. Defendants deny paragraph 62.

63. Defendants deny paragraph 63.

**Purported Count 5 for Trademark Infringement
and Unfair Competition (Common Law of New Jersey)**

64. Defendants incorporate their responses to the allegations contained in paragraphs above as though fully set forth here.

65. Defendants deny paragraph 65.

66. Defendants deny paragraph 66.

67. Defendants deny paragraph 67.

68. Defendants deny paragraph 68.  Defendants deny that Plaintiffs are entitled to any and all of the relief sought in the WHEREFORE clause or any of its subparts.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following defenses necessarily must be pleaded as an affirmative defense, or that any of the following defenses are not already at issue by virtue of the foregoing denials, and further without prejudice to Defendants' right to plead addition defenses as discovery into the facts of the matter warrant, Defendants hereby assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the doctrine of estoppel.

## SECOND AFFIRMATIVE DEFENSE

The claims are barred in whole or in part for failure to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by fraud and/or negligent misrepresentation of the Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the doctrine of pre-emption.

## SIXTH AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the fair use doctrine.

## TENTH AFFIRMATIVE DEFENSE

The trademarks at issue are invalid.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants have a *de facto* license to use the trademarks.

## TWELVTH  AFFIRMATIVE DEFENSE

The claims against individual Defendants are barred based upon the principles of agency and applicable corporate law.

## THIRTHEENTH AFFIRMATIVE DEFENSE

Any claims against Defendants are barred by the first-sale doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any claims against Defendants are barred because they were, in fact, the first to use the allegedly trademarked names, and thus Defendants have priority of use in commerce.

WHEREFORE Counterclaim Plaintiffs respectfully request judgment on their behalf.

## JURY DEMAND

Defendants request trial by jury as to all issues for which such right is guaranteed.

DATED:  September 23, 2010
Hackensack, New Jersey

THE MCDANIEL LAW FIRM, P.C.

s/ Jay R. McDaniel
Jay R. McDaniel, Esq. (JM9687)
THE MCDANIEL LAW FIRM, P.C.
54 Main Street
Hackensack, New Jersey 07601
jrmcdaniel@mcdlawpc.com
Phone:        (201) 845-3232
Facsimile:   (201) 845-3777

*Attorneys for Defendant, Onyx Enterprises Int'l. Corp., et al.*

# EXHIBIT A

**THE MCDANIEL LAW FIRM, P.C.**
54 Main Street
Hackensack, New Jersey 07601
201-845-3232
201-845-3777 (Facsimile)
*Attorneys for Defendant, Onyx Enterprises Int'l. Corp., et al.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, ET AL., <br><br> Plaintiffs, <br> v. <br><br> ONYX ENTERPRISES INTERNATIONAL CORP., ET AL., <br><br> Defendants. | **RULE 7.1 STATEMENT** <br><br> Docket No.:  3:10-cv-04016-MLC-DEA |

**RULE 7.1 CORPORATE DISCLOSURE STATEMENT**

Pursuant to Fed. R. Civ. P. 7.1, Defendant Onyx Enterprises International Corp., et al. discloses there is no parent corporation, publicly held or otherwise, which own more than 10% of the outstanding stock.

**THE MCDANIEL LAW FIRM, P.C.**
54 Main Street
Hackensack, New Jersey 07601
jrmcdaniel@mcdlawpc.com
Phone:       (201) 845-3232
Facsimile:   (201) 845-3777
*Attorneys for Defendant, Onyx Enterprises Int'l. Corp., et al.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, ET AL., | **CERTIFICATE OF SERVICE** |
| Plaintiffs, | |
| v. | Docket No.:  3:10-cv-04016-MLC-DEA |
| ONYX ENTERPRISES INTERNATIONAL CORP., ET AL., | |
| Defendants. | |

<u>**CERTIFICATE OF SERVICE**</u>

JAY MCDANIEL, of due age, certifies as follows:

1. I am not a party to the above action.

2. On this date I caused to be served copies of the within Answer, Rule 7.1 Statement, and

Certificate of Service.   These papers were served to:

      Arnold B. Calman
      Saiber LLC
      One Gateway Center, Suite 1000
      Newark, New Jersey 07102
      *via ECF*

      John G. Froemming
      David M. Jaquette
      Howrey LLP
      1299 Pennsylvania Avenue, N.W.
      Washington D.C. 20004
      *via ECF*

<u>CERTIFICATION</u>

I certify that the foregoing statements made by me are true to the best of my knowledge.

I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

DATED:  September 23, 2010                          **THE MCDANIEL LAW FIRM, P.C.**


                                                    s/ Jay R. McDaniel
                                                    Jay R. McDaniel, Esq. (JM9687)
                                                    **THE MCDANIEL LAW FIRM, P.C.**
                                                    54 Main Street
                                                    Hackensack, New Jersey 07601
                                                    jrmcdaniel@mcdlawpc.com
                                                    Phone:      (201) 845-3232
                                                    Facsimile:   (201) 845-3777

                                                    *Attorneys for Defendant, Onyx Enterprises*
                                                    *Int'l. Corp., et al.*